## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| VERIFIED HIRING, LLC,<br><br>                                    Plaintiff,<br><br>        v.<br><br>HALOGEN SOFTWARE, INC.,<br><br>                                    Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Verified Hiring, LLC ("Verified Hiring" or "Plaintiff") makes the following allegations against Halogen Software, Inc. ("Halogen" or "Defendant").

## NATURE OF THE ACTION

1.    This is a patent infringement action to stop Defendant's infringement of United States Patent Nos. 6,658,400 ("the '400 Patent) and 5,592,375 ("the '375 Patent") (collectively "the Patents-in-Suit").

## PARTIES

2.    Plaintiff Verified Hiring, LLC is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 211 Tyler, Texas 75702.

3.    On information and belief, Halogen is a Canadian corporation, with its principal place of business at 495 March Road, Ottawa, Ontario Canada, K2K 3G1.  On information and belief, Halogen may be served via its registered agent at 495 March Road, Ottawa, Ontario Canada, K2K 3G1.

## JURISDICTION AND VENUE

4.      The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposely availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Verified Hiring's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

5.      More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, including the accused products identified herein that practice the claimed systems of the Patents-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas.  Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas.  Further, Defendant has an interactive website that is accessible from the State of Texas.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

7.      More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, systems including the Accused Systems identified herein, that practice the claimed systems of the Patents-in-Suit in the State of Texas.   Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas.  Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,658,400**

8.      Plaintiff is the owner by assignment of the '400 Patent entitled "Data Certification and Verification System Having a Multiple-User-Controlled Data Interface" – including all rights to recover for past and future acts of infringement.  The '400 Patent issued on December 2, 2003.  A true and correct copy of the '400 Patent is attached as Exhibit A.

9.      On information and belief, Defendant has been and now is directly infringing the '400 Patent in this judicial district and elsewhere in the United States.   Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation a verification system having a multiple-user-controlled data interface, infringing at least claim 1 of the '400 Patent.  Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the Halogen Talent Acquisition™ solution ("Accused Systems").   Defendant is thus liable for infringement of the '400 Patent under 35 U.S.C. § 271.

10.     As a whole, Claim 1 of the '400 Patent relates to a computer-implemented system for managing access to, and the controlled exchange of data within a multi-party data attribute management system, and for meeting a marketplace need for transforming data in a specifically defined manner, by having a data originator submit data having an attribute in "an unverified source state," and then submitting that data to an attribute verifier that determines the truth or falsity of the data attribute, thereby changing and transforming the data into "a verified use state."  The '400 Patent, including Claim 1, solves a specific problem faced by employers during the process of hiring a new employee.  Unlike the patents from *Alice* or *Bilski,* the claims of the '400 Patent do not cover a "fundamental economic practice" or a "building block of the modern

economy."  Instead, the '400 Patent defines a specially tailored system for meeting the privacy and security regulations that govern sensitive employment data, while efficiently enabling data that is collected from a job applicant to be transformed from an unverified source state to a verified use state, thereby making the data more useful to the employer.

11.    A comparison of the '400 Patent to the prior art patents considered by the USPTO during the prosecution of the '400 Patent, demonstrates that Claim 1 of the '400 Patent defines significantly more than a conventional system for verifying data.  Indeed, as explained in the Background of the '400 Patent, a wide variety of systems and methods existed for addressing the challenges involved with verifying the suitability/eligibility of a job applicant for a specific position.  A person of ordinary skill in the art as of the December 4, 1999 priority date, would recognize that the system covered by Claim 1 provides one narrow manner for solving the unique problem of restricting and controlling the exchange of employment related attribute data, and accurately and reliably transforming the attribute data from an unverified state to a verified state.

12.    Just as the prior art recognized several ways of addressing the issue of verifying job applicant data, the marketplace today continues to provide several systems and methods for addressing the issue, which do not infringe the '400 Patent.  For example, employers often separate the process of collecting data from a job applicant from the process of verifying the data, and rely on multiple different systems for completing those processes and sufficiently control the authenticity and privacy of such data.  The '400 Patent defines one narrow and specific system for integrating the entire process into a single system.  There is no requirement for employers to use a system covered by the '400 Patent and, in fact, it is believed that most employers do not.

13.     Each of Defendant's aforesaid activities has been without authority and/or license from Verified Hiring.

14.     Verified Hiring is entitled to recover from Defendant the damages sustained by Verified Hiring as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,592,375

15.     Plaintiff is the owner by assignment of United States Patent No. 5,592,375 ("the '375 Patent") entitled "Computer-Assisted System for Interactively Brokering Goods or Services Between Buyers and Sellers" – including all rights to recover for all acts of infringement.   The '375 Patent issued on January 7, 1997.   A true and correct copy of the '375 Patent is attached as Exhibit B.

16.     On information and belief, Defendant has directly infringed the '375 Patent in this judicial district and elsewhere in the United States.   Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation, computer-assisted systems for interactively assisting an employer's hiring decision from among a pool of candidates, infringing at least claim 1 of the '375 Patent.   Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the Halogen Talent Acquisition™ solution ("Accused Systems").   Defendant is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271.

17.     As a whole, Claim 1 of the '375 Patent relates to a computer-implemented system for assisting an employer's hiring decision from among various potential job applicants by using

multimedia information descriptive of the potential candidates; database entries with controlled associations; a job applicant interface which allows users to interactively enter information, including multimedia information; an employer interface which allows employers to specify a description of combinations of job applicant information; matching desired employee requirements using approximate-comparison logic such as "want," :must, and weighted logic requirements; and rank ordering based upon the closeness of the match of the desired employee. The '375 Patent, including Claim 1, solves a specific problem faced by employers during the process of hiring a new employee.  Unlike the patents from *Alice* or *Bilski,* the claims of the '375 Patent do not cover a "fundamental economic practice" or a "building block of the modern economy."  Instead, the '375 Patent defines a specially tailored system for helping an employer make an informed hiring decision from among a pool of job applicants by using multimedia and ranking candidates based upon the employer's specific requirements.

18.     A comparison of the '375 Patent to the prior art considered by the USPTO during the prosecution of the '375 Patent, demonstrates that Claim 1 of the '375 Patent defines significantly more than a conventional system for hiring employees. As explained in the Background of the '375 Patent, making decisions about hiring employees have been difficult because diverse characteristics of each potential candidate must be compared, but that information is often inconsistent between candidates.  A person of ordinary skill in the art as of the March 11, 1994 priority date would recognize that the system covered by Claim 1 provides one narrow manner for solving the unique problem of evaluating candidates through the submission of various types of information, therefore allowing an employer to make an informed decision from among all of the candidates.

19.     There have always been numerous systems and methods used to evaluate a potential employee.  In fact, many of those same systems and methods which remain in use today, do not infringe the '375 Patent.  For example, employers can collect information from a potential candidate or simply review a resume without reviewing multimedia information or rank ordering candidates based upon certain criteria.  The '375 Patent defines one narrow and specific system for assisting an employer's hiring decision from among a pool of candidates.  There is no requirement for employers to use a system covered by the '375 Patent and, in fact, it is believed that many employers use other systems to evaluate potential candidates.

20.     Each of Defendant's aforesaid activities has been without authority and/or license from Verified Hiring.

21.     Verified Hiring is entitled to recover from Defendant the damages sustained by Verified Hiring as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. In favor of Plaintiff that Defendant has infringed the '400 and '375 Patents;

2. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '400 and '375 Patents as provided under 35 U.S.C. § 284; and

3. Granting Plaintiff any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 12, 2015                    Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
STEVENS HENRY
P.O. Box 3427
Longview, Texas 75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
todd@stevenslove.com

Attorneys for Verified Hiring, LLC